IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

LUQMAN ABDULLAH )
 )
   v. ) NO. 3:12-1285
 )
SGT. J. DUNCAN, et al. )

TO: Honorable Kevin Sharp, District Judge

# R E P O R T A N D R E C O M M E N D A T I O N

By Order entered December 19, 2012 (Docket Entry No. 3), the Court referred this pro se action to the Magistrate Judge, pursuant to Rule 72(a) of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 636(b)(1)(A) and (B), for consideration of all pretrial matters and proposed findings of fact and recommendations for disposition of any dispositive motions.

For the reasons set out below, the Court recommends that this action be dismissed because of the plaintiff's failure to properly serve the defendants in a timely manner in accordance with Rule 4(m) of the Federal Rules of Civil Procedure.

## I. BACKGROUND

The plaintiff, a resident of Nashville, Tennessee, filed a pro se complaint on December 10, 2012, against three police officers with the Metropolitan Nashville Police Department ("MNPD"): Sgt. J. Duncan, Officer Joshua Walters, and an unknown officer. The plaintiff alleges that he was arrested on December 1, 2010, for an unspecified crime by the three officers and that the unknown

officer and Sgt. Duncan wrongfully took $100.00 from him during the arrest. The plaintiff also alleges that he was arrested on January 20, 2011, for an unspecific crime by Officers Walters and Duncan. He contends that two white individuals who were with the plaintiff at the time were not arrested and that his race was the cause of the arrest. The plaintiff further alleges that Defendant Walters assaulted him during the January 20, 2011, arrest. The plaintiff contends that his civil rights were violated by these actions and seeks damages under 42 U.S.C. § 1983. See Complaint (Docket Entry No. 1), at 2-4.

By Order entered January 31, 2013 (Docket Entry No. 7), the Court advised the plaintiff that he was responsible for serving the defendants with the summons and complaint in compliance with Rule 4 of the Federal Rules of Civil Procedure, and that he must serve the defendants with the summons and complaint within 120 days of the filing of the complaint in accordance with Rule 4(m). The plaintiff thereafter attempted to personally serve the summons on the police officers and filed returns of summonses showing that he personally delivered a summons on Michael Wilson at his place of work and personally delivered summonses for Duncan and Walters to "Kim" at the Department of Law of the Metropolitan Government of Nashville and Davidson County, Tennessee. See Docket Entry Nos. 14, 29, and 30. The plaintiff's attempts to personally serve the police officers resulted in several filings by the parties.

Michael Wilson filed a motion to dismiss (Docket Entry No. 16), which is currently pending before the Court. He argues, among other things, that the process issued was insufficient as to him because he was not actually named in the complaint[1] and that the attempted service of process upon

---

[1] While the unnamed police officer named by the plaintiff as a defendant may be Michael Wilson, there is nothing in the record to support that conclusion. The plaintiff cannot make new factual allegations in a response to a motion to dismiss.

him was insufficient because the plaintiff, as a party, is not permitted to personally serve process upon the opposing party.

The plaintiff filed a motion for an extension of time (Docket Entry No. 18) and a motion to compel and show cause (Docket Entry No. 19), which were both related to the issue of service of process upon the defendants. By Order entered April 23, 2013 (Docket Entry No. 20), the Court granted the plaintiff's request for an extension of time and gave the plaintiff until June 10, 2013, to serve them with the summons and complaint but warned the plaintiff that, if the defendants were not properly served by this time, the Court would recommend that they be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure unless the plaintiff showed good cause for his failure to serve them by the deadline. The Court denied the plaintiff's motion to compel and show cause and specifically advised the plaintiff that Rule 4(c)(2) of the Federal Rules of Civil Procedure does not permit a party to an action to personally serve a summons and complaint upon a defendant, and his attempts to personally serve the defendants with the summons and complaint are not proper under Rule 4(c)(2). The Court also advised the plaintiff that he had several options to obtain service of process, such as securing the services of a private process server or anyone else to personally serve the defendants, attempting service in accord with Rule 4(e)(1) of the Federal Rules of Civil Procedure and Rule 4.04(10) of the Tennessee Rules of Civil Procedure, or requesting waiver of service in accord with Rule 4(d) of the Federal Rules of Civil Procedure.

Defendants Duncan and Walters have filed a motion to quash the returned executed summonses. See Docket Entry No. 31. They argue that the plaintiff's attempt to serve them with process was improper under Rule 4 of the Federal Rules of Civil Procedure and insufficient to deem them properly served in this action because a complaint was not included with the summonses, the

plaintiff personally attempted service, and the person with whom the plaintiff left the summons was not authorized to accept service of process on behalf of Defendants Duncan and Walters.

Rule 4(m) requires that the defendants be served with process within 120 days of the date the action was filed and provides that, in the absence of a showing of good cause by the plaintiff for why service has not been timely made, the Court must dismiss the action without prejudice or order that service be made within a specified time.

The plaintiff has not shown that the defendants have been properly served with process in this action, and his various arguments regarding service of process are not persuasive and do not constitute good cause. The plaintiff has already been given one extension of an extra 60 days within which to effect proper service. By the Order entered April 23, 2013, the Court warned the plaintiff that the Court would recommend that they be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure unless they were served by the extended deadline or the plaintiff showed good cause for his failure to serve them by that deadline. It appears to the Court that the plaintiff waited until nearly the last day of this deadline to attempt to serve Defendants Walters and Duncan. Further, he ignored the specific warning from the Court that Rule 4(c)(2) of the Federal Rules of Civil Procedure does not permit a party to an action to personally serve a summons and complaint upon a defendant and that his attempts to personally serve the defendants with the summons and complaint are not proper under Rule 4(c)(2). He also ignored the Court's specific advice that there were several options available under Rule 4 to obtain service of process. Despite the Court's advice, the plaintiff did not attempt to properly re-serve Michael Wilson and attempted to personally serve Defendants Duncan and Walters in a manner that did not comply with Rule 4. Given that the Court has already provided temporal leeway and specific and directed advice to the pro se plaintiff regarding service of process, the Court finds that this action should be dismissed under Rule 4(m) because of the

plaintiff's failure to properly serve the defendants in the action with process in a timely and effective manner.

## RECOMMENDATION

Accordingly, the Court respectfully RECOMMENDS that:

1) the motion to dismiss (Docket Entry No. 14) of Michael Wilson be GRANTED in part to the extent of the plaintiff's failure to properly serve Wilson;

2) the motion to quash (Docket Entry No. 31) of Defendants Duncan and Walter be GRANTED to the extent that the plaintiff's attempted service on these defendants be QUASHED; and

3) this action be DISMISSED WITHOUT PREJUDICE in accordance with Rule 4(m) of the Federal Rules of Civil Procedure.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge